## No. 12,592.

PEOPLE EX REL. ATTORNEY GENERAL *v.* POWELL.

(287 Pac. 858)

Decided May 5, 1930.

Mr. ROBERT E. WINBOURN, Attorney General, Mr. CHARLES ROACH, Deputy, Mr. OLIVER DEAN, Assistant, for petitioner.

Mr. JOHN G. POWELL, pro se.

*En Banc.*

Mr. Justice Campbell delivered the opinion of the court.

While the criminal case of the People, etc. v. J. J. Ver Straten was pending in the district court of Weld county, Colorado, and the day before the same had been set down for trial, the respondent Powell, an attorney of the Colorado Bar, approached Philip Van Cise, one of the attorneys for the defendant, and made to him, as it is said, certain highly improper representations as to the ability of respondent, and his willingness, for a specified money consideration, to bring about an acquittal of the defendant or a "hung jury." Van Cise declined to have anything whatever to do with respondent's proposal and, as it was his duty to do, at once brought to the attention of the judge who was to preside at the trial this gross misconduct of the respondent. The trial judge thereupon promptly entered upon an investigation to ascertain the truth of the charges against the respondent. The testimony of witnesses, including that of respondent himself, was taken, and the same was transcribed and the transcript was later, on our suggestion, sent by the presiding judge to this court for its information. Upon its receipt we sent this transcript to the Attorney General with instructions to file, and the Attorney General thereupon filed a petition in this court asking for the disbarment of respondent Powell.

The charges made are that in January, 1929, there was pending in the district court of Weld county, Colorado, a criminal case entitled: The People, etc. v. J. J. Ver Straten, which had been set for trial in that court to a jury on January 2, 1929. The day before the case was to be tried the respondent Powell represented to Philip S. Van Cise, of the law firm of Van Cise & Robinson, of Denver, Colorado, who represented the defendant Ver Straten in this criminal case, that there were five jurors serving on the regular panel then in attendance on said court who would vote for acquittal if selected on the

jury to try the defendant, and respondent thereupon offered to give Van Cise the names of these jurors. He stated to Van Cise that on the morning of that day two of the five jurors had been to see respondent and told him that they had theretofore "pulled off" two or three "deals" such as respondent then proposed, and that if chosen as jurors they could handle the jury selected to try said case; and that he, the respondent, had made his arrangements with these two jurors. Respondent further proposed to Van Cise that if any one of the five jurors was selected to serve in the trial of the said case, and if a verdict of acquittal was returned, or if there was a "hung jury," Van Cise should pay to the respondent $1,500.

Respondent appeared in this court and filed his answer to this petition in which he states that he is not, and for over five years has not been, engaged in the practice of law and does not intend so to engage, but intends, as soon as possible, to devote substantially all of his time to the operation of his farm. He further answers and says, and we quote the exact language: "That he does not admit the charges made against him in said petition, but in view of the humiliation, notoriety and punishment he has heretofore suffered in connection with the case therein mentioned, he does not care to defend against said charges. That in view of the fact that he has no intention of practicing law, it is his hope that this court may not feel it necessary, during his future good behavior and refraining from practice, to proceed further against him, but he hereby consents that this court may either suspend him or strike his name from the roll of attorneys without further hearing or notice if the court shall deem it proper." To this answer is affixed the signature of Powell as respondent.

It is difficult to conceive of conduct of a lawyer more reprehensible than that charged against the respondent in this petition, the truth of which, by failure to deny, he has admitted; conduct which, if it met with

success, would render impotent the administration of justice. It is true that the respondent's answer does not, in words, admit the charges against him set forth in the petition. Neither does he .deny the same under oath or otherwise. By failure to deny the same the respondent, in legal effect, admits the charges to be true. If, as respondent says, he has no intention to practice law in the future, such present intention or expectation is no reason why we should decline to proceed to a final determination of the pending proceeding. Apparently respondent places a low estimate upon this court's intelligence, or an exaggerated belief in its credulity, if he thinks his veiled promise of his present intention not further to engage in an honorable calling would lead us now to withhold decision that will rid the profession of an unfit member. These considerations, and the further one mentioned by respondent in his statement, that he expressly consents that the court may either suspend him or strike his name from the roll of attorneys without further hearing or notice, if it deems that the proper course, impels us to take him at his word.

We observe that whenever such misconduct on the part of an attorney comes to the attention of a trial judge, or an attorney connected with the cause under consideration, it becomes their duty to lay the matter before this tribunal, that appropriate action may be taken by us.

The judgment of the court, therefore, is that respondent's name be, and it is hereby, stricken from the roll of attorneys, and that he be, and hereby is, disbarred and shall not be permitted to engage in the further practice of law in this state. The clerk of the court is hereby directed to enter upon the records of this court the appropriate judgment of disbarment.

Respondent disbarred.